Mr. Justice Butler
delivered the opinion of the court.
The defendants were indicted for obstructing a public street, and also for obstructing a public square, commonly called and known by the name of Wragg square. Whether the street is distinctly ■separate from, or forms a part of the square, is not established by the verdict of till jury, that found the defendants guilty on the second count; neither does it appear from the testimony, with <suf-ficieot clearness, to enable the court to form a satisfactory judgment on the whole case. It may be that the street forms a part of the square, or it may be that it is defined by marked and recognized li" mits, so as to make the offences essentially different to obstruct one or the other. The issues made by the indictment may be so con-neeted that it is necessary to find on both, before there could be a final judgment on either ; and if so the verdict found by the jury was imperfect, and a venire faciat de novo should have been ■awarded ; so that a new jury might have found ou all the issues, and established all the facts. The defendants were found guilty only on one count, and upon appeal, the verdict was set aside, and a new trial ordered. The verdict was set aside in favor of, and at the instance of the defendants, who were found guilty. There ic nothing on the record that could avail them by way of plea in bar to another prosecution. If the verdict of guilty had remained, it would have protected them, perhaps, against another indictment for the same offence. As long as the verdict of guilty remained on the. record there was a finding; but what proceeding is there now on it ? I consider all the proceedings on the indictment, since tho finding by the grand jury, to be set aside; and set aside at the instance, and for the benefit of the defendants. The case stands a* though it never had been tried. The defendants contended that a verdict of guilty on one count, led to the conclusion that they' *276 were acquitted on the other; that is, that omitting to find on one-count, and finding on another, is an exclusion of guilt to the extent Slot passed on by the jury. Such inference could not have been fairly drawn from what was apparent on the record ; and the inference cannot be drawn when all the proceedings on the record are obliterated. If the defendants had moved to be discharged, on the first count, when the verdict was rendered, and had said to the attorney general, that they intended to appeal, from the verdict on the second count, the court would no doubt have refused to discharge them, either upon the ground that both issues were connected, or that the defendants had never been tried on the first count. Indeed the jury might have been instructed to find on tlje first count, before they were legally discharged from the whole case. In such a ease the court would not have discharged the jury till they had found upon all that was submitted to- them, unless the defendants had consented. There is no pretence for saying that the jury were discharged by the court, contrary to the ^onsent of the defendants. The defendants obtained a new trial, on the implied understanding that the whole case should go back and be tried ; and let it be tried on its merits. The jury can distinguish, if they choose, on the final trial between the two counts, if they contain separate issues, and find the defendants guilty or not guilty, according to the nature of the proof, and the extent of the issues.
James HL Smith, for Appellants..
Attorney General, for Appellees>
Filed 20th February, 1837.
The present motion is dismissed.
A. P. BUTLER,
We concur,
J. S RICHARDSON,
JOSIAII J. EVANS.
J. B. O’NEALL,
The opinion of
Mr. Justice Gantt.
I am of opinion that the verdict of guilty pronounced in this case, on the second count, was an acquittal on the first count in the indictment, and that the new trial ordered at the instance of the defendants found guilty on the second count, involved the subject matter of charge in that count only, and will not authorize a re-investigation of the offence set forth in the first count, on which the defendants had been acquitted.
RICHARD GANTT.